**UNITED STATES of America, Plaintiff,**

**v.**

**Arthur SCHREIBER, d.b.a. Arthur Schreiber, & Co., Defendant.**

**Civ. No. C-1-93-183.**

United States District Court, S.D. Ohio, W.D.

June 28, 1993.

---

Elizabeth Mattingly, Kelly Malone, Cincinnati, OH, for plaintiff.

Simon Groner, Cincinnati, OH, for defendant.

## ORDER

CARL B. RUBIN, District Judge.

This matter is before the Court on a motion by Toshia Mundy, William Mays, and Tammie Latham to intervene as plaintiffs (doc. 7). The defendant, Arthur Schreiber, has responded to this motion (doc. 8) and the proposed intervenors have replied (doc. 9). For the reasons stated below, this motion is granted.

## FACTUAL BACKGROUND

Defendant Arthur Schreiber ("Mr. Schreiber") owns housing that is federally subsidized and regulated by the plaintiff, the United States Department of Housing and Urban Development ("HUD"). The proposed intervenors ("tenants") are tenants of these properties.

The action between HUD and Mr. Schreiber is based on a claim by HUD that Mr. Schreiber failed to properly maintain this federally subsidized housing. This failure, HUD claims, violates contracts made between HUD and Mr. Schreiber. These contracts include a mortgage note (HUD holds a purchase money mortgage on these properties), a regulatory agreement, and a housing assistance payments contract.

## PARTIES' CONTENTIONS

The tenants claim to be third-party beneficiaries to the contracts between HUD and Mr. Schreiber. The tenants further claim that Mr. Schreiber's alleged failure to maintain the properties constitutes a breach of their leases and a violation of federal and state housing laws.

The resolution of these claims will require, according to the tenants, the adjudication of many of the same issues that will be adjudicated in the action between HUD and Mr. Schreiber. The tenants argue that any adverse resolution of these issues in this case will impair their ability to protect their interests. Additionally, the tenants argue that their interests are not adequately represented by any party to this action. For these reasons, the tenants are seeking to intervene under Federal Rule of Civil Procedure 24(a)(2) or, alternatively, under Rule 24(b).

Mr. Schreiber opposes this intervention and argues that none of the claims set forth by the tenants demonstrate an interest sufficient to warrant intervention. He also argues that intervention would be improper since this Court would never render a decision that would impair the tenants' rights to live in safe, sanitary and decent housing. Finally, according to Mr. Schreiber, the motion to intervene should not be granted since the tenants are adequately represented in this action by HUD.

## INTERVENTION

Rule 24(a) allows for intervention as a matter of right. Under Subsection 2 of this rule, intervention is proper in cases where the proposed intervenor has demonstrated that 1) he has a legal interest in the subject matter of the action, 2) his ability to protect this legal interest may be impaired or impeded by the disposition of the action, 3) his interest is not adequately represented by any party to the action, and 4) the motion was timely filed. *Jansen v. City of Cincinnati,* 904 F.2d 336, 340 (6th Cir.1990). In his response to the motion to intervene, Mr. Schreiber conceded that the filing of the motion was timely. In determining whether the remaining three prongs of the test are met, Rule 24 must be broadly construed in the potential intervenors' favor. *See Purnell v. City of Akron,* 925 F.2d 941, 950 (6th Cir.1991).

As stated above, the first prong requires that the proposed intervenors have a legal interest in the subject matter of the action. The Supreme Court of the United States has held that this interest must be "significantly protectable." *Donaldson v. United States,* 400 U.S. 517, 531, 91 S.Ct. 534, 542, 27 L.Ed.2d 580 (1970). The Sixth Circuit has required that along with being significantly protectable, the interest must be "direct" and "substantial." *Purnell,* 925 F.2d at 947.

The terms used by the Supreme Court and by the Sixth Circuit to describe an interest sufficient to satisfy Rule 24(a)(2) have not been clearly defined. *Id.* at 947. The Court finds the Sixth Circuit's opinion in *Bradley v. Milliken* instructive. *Bradley v. Milliken,* 828 F.2d 1186 (6th Cir.1987). In *Bradley,* the Sixth Circuit held that "interest," as used above, should be liberally construed. *Id.* at 1193.

The tenants claim to have an interest in the subject matter of the action as third-party beneficiaries to the contracts between HUD and Mr. Schreiber and as parties to leases with Mr. Schreiber. These interests are analogous to interests that were found to be "direct," "substantial," and "significantly protectable" in *Elmer Rodgers v. Ohio Valley CFM, Inc. Elmer Rodgers v. Ohio Valley CFM, Inc.,* 774 F.2d 1163 (6th Cir.1985) (LEXIS, Genfed library, 6th file).

The interests asserted by the intervenors in *Elmer Rodgers* were in franchise contracts that were similar to the contracts being challenged in the action in which they sought to intervene. Similarly, in the case at bar, the proposed intervenors are claiming an interest in contracts that are either similar [1] or identical [2] to the contracts that are at issue in this case. Therefore, the interests asserted by the proposed intervenors are sufficient to satisfy the first prong of the test.

The second prong requires that in order to intervene, the proposed intervenors must show that their ability to protect their interests may be impaired or impeded by the disposition of the action. The Sixth Circuit has held that this requirement is satisfied in cases where the disposition may cause adverse stare decisis effects. *Jansen,* 904 F.2d at 342. Under the doctrine of stare decisis, once a court has applied a principle of law to a certain set of facts, it will apply that principle to all future cases involving facts that are substantially the same. Black's Law Dictionary 731 (5th ed. 1983).

---

1. The leases contain requirements that are similar to the allegedly breached provisions of the contracts between HUD and Schreiber. The similar provisions are those concerning maintenance of the properties.

2. The proposed intervenors claim an interest under the same contracts that are at issue in this action: the mortgage note, the regulatory agreement, and the housing assistance payments contract.

The claims set forth by the proposed intervenors and those set forth by HUD are based on substantially the same set of facts (Mr. Schreiber's failure to properly maintain the subsidized housing). Consequently, there is a possibility that a decision rendered in this case would have adverse stare decisis effects on any action later brought by the tenants. Due to this possibility, the tenants' ability to protect their interests may be impaired or impeded by the resolution of this action.

Under the third prong, the proposed intervenors must demonstrate that no party to the action is adequately representing their interests. The burden of demonstrating this inadequacy should be treated as minimal. *Trbovich v. Mine Workers*, 404 U.S. 528, 538, 92 S.Ct. 630, 636, 30 L.Ed.2d 686 (1971) (footnote 10). Nonetheless, there is a presumption of adequate representation in cases where the proposed intervenors share the same objective with a party to the action. *Jansen*, 904 F.2d at 343. This presumption cannot be overcome by merely demonstrating a disagreement over litigation strategy. *Bradley*, 828 F.2d at 1192. Complete adversity of interest, however, need not ·be shown. *Jansen*, 904 F.2d at 343.

Such a presumption was overcome in *Jansen v. City of Cincinnati*, a case involving a dispute over the application of an affirmative action program. 904 F.2d at 336. Although the City of Cincinnati and the proposed intervenors shared the objective of proving that the City was not guilty of reverse discrimination, the parties had differing interests in the action. While the City's interest was in defending its hiring practices, the proposed intervenors' interest was in ensuring that the affirmative action program was enforced. There was evidence that these were conflicting interests.

Analogously, HUD and the tenants both seek to have the court grant possession of the housing projects to HUD, yet the interests of HUD differ from those of the tenants. HUD's interest lies in the protection of its interest as mortgagor. The tenants' interest lies in obtaining immediate repairs that will make these properties safe and sanitary. There is evidence that these interests conflict. HUD has been at odds with various tenants (but, not those seeking to intervene) since 1988 over the maintenance of these properties. As in *Jansen*, the evidence concerning differing interests overcomes the presumption of adequate representation, and allows the proposed intervenors to satisfy the third requirement for intervention.

The tenants have demonstrated that they have an interest in this action that is not being adequately represented and that may be adversely affected by the disposition of this action. Therefore, the tenants have satisfied the requirements for intervention under Rule 24(b)(2). Since the tenants may intervene under Rule 24(b)(2), this Court need not address whether intervention would be proper under Rule 24(b).

For the foregoing reasons, this Court holds that intervention is proper under Federal Rule of Civil Procedure 24(a)(2) and GRANTS the tenants' motion to intervene.

IT IS SO ORDERED.